749 P.2d 1011

Jerry Bryant O'NEIL, and Jerry Bryant O'Neil, Guardian Ad Litem for David A. O'Neil, Wendy K. O'Neil, Laura B. O'Neil, Sara L. O'Neil, and Marie J. O'Neil, Plaintiffs–Appellants,

v.

Thomas M. VASSEUR, Norman L. Gissel, and Thomas M. Vasseur and Norman L. Gissel, doing business as "Vasseur and Gissel, Attorneys At Law", Defendants–Respondents.

No. 15441.

Court of Appeals of Idaho.

Dec. 29, 1987.

Rehearing Denied March 3, 1988.

Petition for Review Denied
March 24, 1988.

Clark E. Myers, Moscow, and M. Dean Jellison (argued), Kalispell, Mont., for plaintiffs-appellants.

Mark S. Prusynski, Boise, for defendant-respondent Gissel.

W. Scott Wigle, Boise, for defendant-respondent Vasseur.

Before WALTERS, C.J., SWANSTROM, J., and SCHILLING, J., Pro Tem.

PER CURIAM.

In this appeal, Jerry O'Neil challenges a partial summary judgment entered in favor of the defendants in an action for damages resulting from alleged attorney malpractice. After that judgment was entered, O'Neil moved to amend the judgment because of "newly discovered evidence." The motion was denied by the district court. The order denying the motion to amend was certified for appeal under I.R.C.P. 54(b); however, the partial summary judg-

** Sitting by designation of the Court.

ment was not certified for appeal under that rule. Since a timely motion to amend the judgment would have merely extended the time to appeal from the partial summary judgment, the certification on the order denying the motion to amend added nothing except to allow an appeal *from that order*. We are of the opinion that the certification on that order would not serve to make the earlier, interlocutory judgment appealable under I.R.C.P. 54(b). We are thus limited to a review only of the order denying the motion to amend.

The new evidence, according to O'Neil's motion, consisted of a judgment recently entered in another case, *O'Neil, et al. v. Schuckardt*. We note that subsequent to the court's denial of O'Neil's motion to amend, the judgment in *O'Neil v. Schuckardt* was reversed in part by our Supreme Court and that matter was remanded for a new trial on a damage issue. *O'Neil v. Schuckardt*, 112 Idaho 472, 733 P.2d 693 (1986).

Here, the order denying the motion to amend is but one of many interlocutory rulings made by the district court in this case. An appellate ruling on that order, at this time, would defeat the purpose of rule 54(b), which is designed to avoid piecemeal appeals. *Pichon v. L.J. Broekemeier, Inc.*, 99 Idaho 598, 586 P.2d 1042 (1973). Under these circumstances, we hold the order was improvidently certified for appeal; that the certification was an abuse of the trial court's discretion under Rule 54(b). The appeal is dismissed. No costs or fees awarded.